BOEHM, Justice,
concurring in result.
I agree with the majority that Norris has not shown that the post-conviction court erred in dismissing his petition. I do not agree with the majority that a guilty plea precludes a court from granting post-conviction relief on a claim of actual innocence. Any system of justice must allow for correction of injustice based on clear and convincing evidence of innocence, even if the defendant can be said to have contributed to his own plight by pleading guilty. See Sanchez v. State, 749 N.E.2d 509, 515 (Ind.2001) (affirming earlier decisions holding or assuming that “fundamental fairness in judicial proceedings is assumed and required by our state constitution”).
The easiest example of such circumstances is irrefutable physical evidence of innocence where the defendant pleaded to a lesser charge in the face of highly persuasive but not conclusive evidence of guilt of a crime carrying a far higher penalty. An example posited at oral argument in this case assumed a defendant charged with rape. The victim is intelligent and articulate, and identifies the defendant as the perpetrator without equivocation or hesitancy. She also testifies that she had intercourse with no one other than the perpetrator within the month preceding the crime, and that the sample taken from her by examiners is from the perpetrator. The defendant has no alibi, and faced with a Class A felony conviction, pleads guilty to a Class C battery felony. DNA technology now establishes to a virtual certainty that the sample did not come from the defendant. The State in oral argument seemed to concede these circumstances would establish a claim for relief despite a guilty plea. If a more persuasive example is needed, add to these facts a confession by a third party whose DNA turns out to match the sample from the victim’s rape kit. I recognize that DNA presents special issues and may permit relief where other forms of evidence do not. I cite this example simply as a case that demonstrates that not all guilty pleas should be immunized from subsequent attack, regardless of whether the convincing evidence is derived from DNA testing.
The only basis for denying relief to a defendant presenting convincing evidence of innocence is the convenience of the system in avoiding having to sort out which of such claims is indeed of sufficient merit to permit the courts to entertain them. There is no doubt that all sorts of cases will arise where evidence not adduced at trial is claimed to demonstrate innocence. But in my view, where there is a very high degree of confidence that justice did indeed misfire, no civilized system of justice would deny all relief. The United States Supreme Court has assumed that, at least in some circumstances, the federal Constitution may require relief for a defendant making a persuasive claim of actual innocence. Herrera v. Collins, 506 U.S. 390, 417, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993) (“We may assume, for the sake of argument in deciding this case, that in a capital case a truly persuasive demonstration of ‘actual innocence’ made after trial would render the execution of a defendant unconstitutional, and warrant habeas relief if there were no state avenue open to process such a claim.”). We need not look to the federal or state constitutions for such a requirement. Our Post-Conviction Rule 1(a)(4) acknowledges the need for relief on *1155 a showing of “evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice.” The interest of justice surely requires overturning a conviction of an innocent person.
I recognize that this state has long held that an Alford plea — “I plead guilty but I didn’t do it” — is not to be accepted. That rule is not based on the notion that such pleas do not occur. Nor does it, as the majority claims, “conclusively establish the fact of guilt.” The law treats it as having that effect, but it is a fiction to claim that it has that effect in every case. The rule against accepting Alford pleas is not based on the idea that a person pleading guilty is always guilty. Rather, it is designed to cause the courts to identify such a false plea when it occurs and reject it in the interest of achieving a truly just result. The wisdom of that rule is not the point here. Assuming that rejection of Alford pleas serves to further the correct resolution of criminal cases in the first place, it cannot be said with confidence that no innocent person has ever pleaded guilty in this state. If that occurs because of prose-cutorial misconduct, the law provides some paths to redress. But not every plea by an innocent person is the product of wrongdoing. Such a plea may occur because the person mistakenly believes himself to be guilty. It can also occur because the probability of a far worse result is too great if a plea bargain is rejected. The hypothetical situation discussed above is an example of the latter. In either case, while one may fault the defendant for pleading guilty when he is not, by far the greater fault lies in an imperfect system of justice that often relies on eyewitness testimony and other forms of proof that can, with the best of intentions, produce wrong results. Post-conviction relief under Posb-Conviction Rule 1 is the only path under our rules to redress such an injustice. I would not close that door.
Having said that, I do not believe Norris has presented evidence that meets the standards required by Posb-Conviction Rule 1(a)(4), which permits relief on a showing of new evidence that “requires vacation of the conviction or sentence in the interest of justice.” The interest of justice is served by finality as well as accuracy. We therefore should upset a guilty plea only where we have a very high degree of confidence that it was in fact incorrect. Cf. Herrera, 506 U.S. at 417, 113 S.Ct. 853 (“[T]he threshold showing for such an assumed right [to habeas relief if state relief were foreclosed] would necessarily be extraordinarily high”).
The evidence presented here is the affidavit of the defendant’s sister, who now says she vindictively wrongly accused Norris of misconduct with her daughter. She also says that Norris is susceptible of being influenced and pleaded guilty due to her domination. Norris also presents the affidavit of his father, who states that the molestation could not have occurred because of the home’s layout, and that Norris is mentally retarded and easily influenced. Additionally, Norris presents a psychological evaluation concluding that he functions between “the extremely low and borderline range of intellectual functioning.” This is not the sort of evidence that is sufficient to overcome a guilty plea. It is itself inherently somewhat suspect, coming as it does after the fact and from relatives of the defendant, but not from the victim.[3] I *1156 therefore conclude that the showing presented here is insufficient to overcome the strong presumption that a guilty plea is in fact a truthful admission of guilt.
RUCKER, J., concurs.

. At oral argument, Norris pointed out that the appendix contains a letter from the victim to the trial court several months before the post-conviction petition was filed stating that she lied to police under threats from her mother. This letter was not written under oath, and Norris submitted no statement from *1156 the victim in support of his petition for post-conviction relief.